UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00029-FDW

| | | |
|---|---|---|
| THE FINLEY GROUP, LIQUIDATING AGENT FOR REDF MARKETING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| 222 SOUTH CHURCH STREET, LLC, and NOVARE GROUP HOLDINGS, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Withdraw the Reference (Doc. No. 1) timely filed on January 14, 2015. Plaintiff responded with an Objection to the Motion to Withdraw the Reference (Doc. No. 2) timely filed on February 2, 2015.

Having reviewed and considered the written arguments and applicable authority, for the reasons set forth below, Defendants' Motion to Withdraw the Reference is DENIED without prejudice. The bankruptcy court will oversee all pre-trial matters, including issuing findings of fact and conclusions of law on any dispositive motions. The reference will be withdrawn once the case is ready for trial.

## I. BACKGROUND

On October 9, 2014, Plaintiff Finley Group ("Plaintiff"), representing the Estate of RedF Marketing, LLC, filed a complaint against Defendants 222 South Church Street, LLC ("South Church") and Novare Holdings Group, LLC ("Novare"). (Bankr. W.D.N.C. 14-03263, Doc. No. 1). Plaintiff alleges claims for fraudulent transfers under 11 U.S.C. §§ 548-50 and N.C.G.S. § 39-23.1 *et seq* arising out of the purchase of real property and improvements located at 222

South Church Street ("Packard Place"). At the same time, Plaintiff filed four other adversary actions in bankruptcy court based in whole or in part on the Packard Place closing.[1] (Doc. No. 2). On December 5, 2015, South Church filed its answer, third-party complaint, and jury demand, requesting, among other things, that this adversary proceeding be tried by jury in district court. (Bankr. W.D.N.C. 14-03263, Doc. No. 11). Novare filed its answer, affirmative defenses, third-party complaint, and jury demand, also requesting that this proceeding by tried by jury. (Id., Doc. No. 13). None of the defendants in the four other actions sought to withdraw reference to this Court. (Doc. No. 2). In addition, there are motions to dismiss pending in bankruptcy court for three of the actions, which will be heard before Judge Whitley on April 20, 2015. (Bankr. W.D.N.C. 14-03263, Doc. No. 46). Plaintiff allegedly plans to file a motion to consolidate the Packard Place proceedings to streamline discovery and other pre-trial matters before the bankruptcy court. (Doc. No. 2).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1334, United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. Nevertheless, 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters to bankruptcy courts, which this district does. See In re: Standing Order of Reference Re: Title 11, 3:14-mc-44 (2014). Under 28 U.S.C. § 157(d), a district court is permitted to withdraw—in whole or in part—any case or proceeding that is referred to bankruptcy court pursuant to 28 U.S.C. § 157(a) by motion of a party or *sua sponte*. 28 U.S.C. § 157(d). The district court's withdrawal is either mandatory or permissive. Id. Mandatory withdrawal occurs when "resolution of the proceeding requires consideration of both

---

[1] (1) The Finley Group v. CB Richard Ellis, Inc. et al., Bankr. W.D.N.C. 14-032561; (2) The Finley Group v. Vision Brokerage Group, LLC, Bankr. W.D.N.C. 14-03265; (3) The Finley Group v. Mecklenburg County, Bankr. W.D.N.C. 14-03262; and (4) The Finley Group v. Fifth Third Bank, Bankr. W.D.N.C. 14-03254.

title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Id. Permissive withdrawal of reference "'should be determined on a case-by-case basis by weighing all of the factors presented in a particular case, including the core/non-core distinction.'" Blue Cross & Blue Shield of N.C. v. Jemsek Clinic, P.A., 506 B.R. 694, 697 (W.D.N.C. 2014) (quoting In re QSM, LLC v. McLane Foodservice, Inc., 453 B.R. 807 (E.D. Va. 2011)).

### A. Authority of the Bankruptcy Court to issue findings and recommendations

Statutorily, bankruptcy courts can hear all core proceedings arising under Title 11, including fraudulent transfer proceedings. 28 U.S.C. § 157(b)(1), (b)(2)(H). However, not all core proceedings can constitutionally be heard in bankruptcy court. Stern v. Marshall, 131 S.Ct. 2594 (2011). In Stern, the Supreme Court held that bankruptcy courts lack the constitutional authority to issue final judgment on fraudulent transfer proceedings. 131 S.Ct. at 2609-10. Still, nothing in Stern prohibits the bankruptcy court from handling pre-trial proceedings, including ruling on dispositive motions. Id; see also Jemsek Clinic, 506 B.R. at 694.

The issue then becomes whether a bankruptcy court possesses the authority to issue findings and recommendations subject to de novo review by this Court. While the Fourth Circuit has yet to answer this question, other courts in this district, as well as other circuit courts, have found no prohibition to a bankruptcy court's issuance of pre-trial findings and recommendations in core matters. See Schafer v. Nexitraone Fed., LLC, 2012 WL 2281828, *1 (M.D.N.C. 2012) (holding that the motion to withdraw reference was premature because "even assuming the bankruptcy court lacks jurisdiction to enter final rulings, it may still conduct pretrial proceedings and make recommendations"); ACC Retail Prop. Devl'p & Acq. Fund, LLC, v. Bank of Am., N.A., 2012 WL 8667572, *4 (E.D.N.C. 2012) (denying the motion to withdraw reference and

holding that the bankruptcy court must submit proposed findings of fact and conclusions of law as to any claims or issues over which it does not have constitutional authority to enter final judgment to the district court for de novo review); In re El-Atari, 2011 WL 5828013, *7 (E.D. Va. 2011) (holding that "the bankruptcy court retains jurisdiction to hear, but not decide, fraudulent conveyances actions"); Executive Benefits Ins. Agency v. Arkison, 702 F. 3d 553, 565 (9th Cir. 2012) ("[s]ection 157(b)(1) empowers bankruptcy courts to 'hear and determine' fraudulent conveyance claims in a manner consistent with the strictures of Article III—and that includes the more modest power to submit findings of fact and conclusions of law to the district courts.").

Further, in a recent case out of this district, the court discussed the implications of Stern when determining the procedure for bankruptcy cases where the bankruptcy court cannot issue final judgment. Jemsek Clinic, 506 B.R. 694. After careful dissection of the limited case law in this area, the court agreed with other courts in this district—and with other circuit courts—in holding that "the authority to issue findings and recommendations can remain with the bankruptcy court regardless of whether the matter is deemed core or non-core under Stern analysis." Id. at 701. The court ordered, "[t]he Bankruptcy Judge shall conduct discovery and issue findings and recommendations on dispositive motions subject to de novo review by this court." Id.

Having considered the forgoing authority, this Court holds that the bankruptcy court has the authority to consider pretrial proceedings even where it cannot issue final judgment. Therefore, bankruptcy court shall conduct discovery and issue findings and recommendations on dispositive motions, subject to de novo review by this Court.

### B. Permissive withdrawal of reference

Though the bankruptcy court has the authority to retain this case, this Court must still determine whether it should exercise its ability to permissively withdraw the case. Permissive withdrawal of reference should be decided on a case-by-case basis by determining whether cause exists for the court to grant withdrawal. 28 U.S.C. § 157(d). While neither statute nor the Fourth Circuit have explicitly defined "cause," several district courts within the Fourth Circuit have consistently considered the following factors:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and, (6) the preservation of the right to a jury trial.

Jemsek Clinic, 506 B.R. at 697; see also In re U.S. Airways Group, Inc., 296 B.R. 673, 681 (E.D.Va. 2003). The moving party "bears the burden of demonstrating cause for the Court to exercise its discretion and grant withdrawal." Jemsek Clinic, 506 B.R. at 697.

**Core v. Non-Core**

Prior to the Stern decision, the determination of whether a claim was core or non-core was as simple as looking to the list of core proceedings in 28 U.S.C. § 157(b)(2). Any proceeding that was considered "core" could be tried in a bankruptcy court. 28 U.S.C. § 157(b)(1). However, now the analysis becomes slightly different: "'after Stern, one can still [consider the applicable factors] but not looking at whether the matter can be classified as 'core' under 28 U.S.C. § 157, but rather at whether, under Stern, the [b]ankruptcy [c]ourt has the final power to adjudicate it.'" Jemsek Clinic, 506 B.R. at 698 (quoting ACC Retail Prop. Devl'p & Acq. Fund, LLC, 2012 WL 8667572, at *2).

Here, when considering whether to withdraw reference, the core or non-core factor weighs in favor of withdrawing the reference. While the statute does allow the bankruptcy court

to hear and determine this case as a "core" proceeding, the bankruptcy court does not have the final power to adjudicate it.

**Other permissive withdrawal factors**

The uniform administration of bankruptcy cases strongly weighs in favor of denying the motion to withdraw. There are two applicable standing orders that ensure that all like matters are treated consistently: one automatically refers all matters concerning a core bankruptcy matter to the bankruptcy court (In re: Standing Order of Reference Re: Title 11, 3:14-mc-44 (April 14, 2014), and the other refers all pre-trial proceedings in bankruptcy cases in which the parties have made a demand for jury trial (In re: Adversary Proceedings in Bankruptcy Court, 3:04-MC-156 (April 28, 2011)). When analyzed under the guidelines of these orders, this case should be referred to bankruptcy court for all pre-trial proceedings, then placed on this Court's trial calendar based upon its original filing date in bankruptcy court. Id. This reflects the Court's consensus that unless cause is shown for withdrawal, all bankruptcy-related claims should remain in bankruptcy court until they are ready for trial in District Court. See Jemsek Clinic, 506 B.R. at 699.

Similarly, judicial economy and efficiency strongly favor the bankruptcy court retaining this case for several reasons. First, there are five separate adversary proceedings that are based in some manner upon the Packard Place closing, and these cases are being retained by the bankruptcy court. The resolution of these cases would be most efficient if they were all in the same court, so parties could efficiently exchange documents, schedule depositions of witnesses pertinent to all cases at the same time, and argue combined dispositive motions, if any. As in Jemsek Clinic, here "[t]he bankruptcy judge is familiar with the parties, the factual makeup of the case, and the legal and factual issues relevant to the remaining claims." 506 B.R. at 699.

The bankruptcy court is scheduled to hear motions to dismiss in several of these cases on April 20, 2015. If either party to this case plans to bring its own motion to dismiss, it would be economical for Plaintiff to address them all in one setting. Likewise, retention makes the most efficient use of the parties' resources. As discussed above, Plaintiff is involved in five similar cases, so trying them all in the same court would reduce the costs of litigation immensely. Defendants in this case would be able to combine some of their litigation costs with defendants in the four other cases.

Defendants argue that because they demanded a jury trial, this case must be tried in its entirety by a jury in district court. However, the Fourth Circuit disagrees, holding that the existence of a jury demand in an adversary proceeding "does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993); see also Jemsek Clinic, 506 B.R. 673. Therefore, despite Defendants' demand for jury trial, there is no requirement that this Court withdraw the reference.

### III.  CONCLUSION

In sum, the factors favoring withdrawal of reference are not strong enough to outweigh the efficiency and economy that would be lost if this case were withdrawn. Based on these considerations, the Court DENIES Defendants' Motion to Withdraw Reference without prejudice and orders that the bankruptcy court oversee all pre-trial matters, including issuing findings of fact and conclusions of law on any dispositive motions. The reference will be withdrawn once the District Court receives a Certificate of Readiness for trial from the bankruptcy court.

**IT IS SO ORDERED.**

Signed: March 6, 2015

Frank D. Whitney
Chief United States District Judge